Peter A. Gergely (NY Bar #5671458)
Merchant & Gould P.C.
500 Fifth Avenue, Suite 4100
New York, NY 10110
212.223.6520

*Attorneys for Defendant*
*Roadget Business Pte. Ltd.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER FITZPATRICK<br><br>Plaintiff,<br><br>v.<br><br>ROADGET BUSINESS PTE. LTD., a Singapore private limited company; SHEIN US SERVICES, LLC, a Delaware limited liability company; and FASHION CHOICE PTE. LTED., a Singapore private limited company,<br><br>Defendants | Case No. 23-cv-10592-JMF<br><br>**DEFENDANT ROADGET BUSINESS PTE. LTD.'S ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGMENT**<br><br>**JURY TRIAL DEMANDED** |

As its answer to Plaintiff's Complaint, Defendant Roadget Business Pte. Ltd. ("Roadget") states as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement brought by an independent artist against a web of interrelated corporate entities operating under the Shein and Emmacloth brands that together own and operate some of the fastest growing fast fashion e-commerce retailers in the world.

**ANSWER:**  Roadget admits that Plaintiff has purported to allege claims for copyright infringement against Roadget but denies that those claims have merit. Roadget denies the remaining allegations of this paragraph.

2.      While Defendants hold out the Shein brand as one of the largest and fastest growing

e-commerce retailers in the world and have recently filed for a U.S. IPO, seeking a valuation of up

to $90 billion, Defendants' business in fact relies in part on a coordinated scheme of pervasively

infringing the copyrights of independent artists and businesses for financial gain.

**ANSWER:**  Roadget denies that it is appropriate for Plaintiff to refer to defendants named

in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the

allegations against each individual defendant. Roadget denies the allegations of this paragraph.

3.      Roadget, together with SUS, Fashion Choice, and their corporate affiliates and a

multitude of suppliers, has engaged in a coordinated scheme with the purpose, plan, and effect of

infringing the copyrights of independent artists and businesses for its own financial gain.

**ANSWER:**  Denied.

4.      In the past five years, intellectual property owners have collectively filed more than

100 infringement lawsuits against Roadget and/or its corporate affiliates and predecessors, at a rate

that far outpaces claims against similar companies. Many more artists and businesses either have

resolved or dropped potential infringement claims against Roadget and/or its corporate affiliates

and predecessors without ever filing suit, while others have never even learned that their

intellectual property was infringed in the first place.

**ANSWER:**  Roadget admits that third parties have filed lawsuits alleging infringement;

Roadget denies that such allegations are relevant to this case and denies that the allegations have

merit. Roadget is without sufficient information or knowledge to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies the allegations therein.

5.      In no small part because of its scheme of willful and widespread copyright

infringement, Roadget has achieved commercial success—more than $10 billion in sales in the

United States in 2022—through the Shein U.S. website (us.shein.com), the Romwe U.S. website (us.romwe.com), the Emmacloth U.S. website (emmacloth.com), and their corresponding mobile apps.

**ANSWER:** Denied.

6.      In a recent legal filing, Roadget had the audacity to claim that "[t]he success of the SHEIN brand inspires many copycats. Roadget regularly finds sellers on e-commerce platforms selling goods bearing infringing copies of its copyrighted designs."  In reality, Shein is one of the biggest sources of infringing goods on the planet today and the success of the Shein brand is due in no small part to systematic copyright infringement.

**ANSWER:** Denied.

7.      Plaintiff is one of many independent artists and businesses that have been and continue to be systematically targeted and exploited by Defendants' unlawful conduct.  Defendants have displayed and sold no fewer than twenty-eight (28) separate and distinct products that infringe Plaintiff's original design.  The astounding scope of Shein's theft makes it virtually impossible for Plaintiff to run a business or make a livelihood as an independent artist.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. Roadget denies the allegations of this paragraph.

8.      Plaintiff seeks relief for Defendants' sale and display of various products featuring unauthorized and infringing copies of her original design. Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendants' willful copyright infringement.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. Roadget admits that Plaintiff seeks the relief alleged but denies that Plaintiff is entitled to such relief. Roadget denies the remainder of the allegations of this paragraph.

## PARTIES

9.      Plaintiff Jennifer Fitzpatrick is an individual living in Houston, Texas. Ms. Fitzpatrick owns the copyright for the original design at issue and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this complaint.

**ANSWER:** Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations therein.

10.      Defendant Roadget is a private limited company organized under the laws of the country of Singapore. Roadget is the owner of the Shein brand, the SHEIN trademark, the website located at us.shein.com (the "Shein U.S. Website"), and the corresponding mobile application (the "Shein Mobile App"). Roadget is also the owner of the Emmacloth brand, the EMMACLOTH trademark, and the website located at emmacloth.com (the "Emmacloth U.S. Website").

**ANSWER:** Roadget admits that it is a private company organized under the laws of Singapore. Roadget admits that it asserts trademark rights over the SHEIN mark and the EMMACLOTH mark. Roadget admits that it is the owner of the us.shein.com website and the emmacloth.com website. Except as expressly admitted, Roadget denies the allegations in this paragraph.

11.      Defendant SUS is a limited liability company organized under the laws of the State of Delaware. SUS is Roadget's affiliate and licensee and is involved in the operation of Shein in the United States, including the Shein U.S. Website and the Shein Mobile App.

**ANSWER:** These allegations are directed to Defendant Shein US Services, LLC, and a response from Roadget is not required. To the extent a response is required, Roadget admits that Shein US Services, LLC is a limited liability company organized under the laws of the State of Delaware. To the extent this allegation is understood, Roadget admits that Shein US Services, LLC is involved in the operation of us.shein.com. Except as expressly admitted, Roadget denies the allegations of this paragraph.

12.    Defendant Fashion Choice is a private limited company organized under the laws of the country of Singapore. Fashion Choice is Roadget's affiliate and licensee and is involved in the operation of Emmacloth in the United States, including the Emmacloth U.S. Website.

**ANSWER:**  These allegations are directed to Defendant Fashion Choice Pte. Ltd., and a response from Roadget is not required. To the extent a response is required, Roadget admits that Fashion Choice is a company organized under the laws of Singapore. To the extent this allegation is understood, Roadget admits that Fashion Choice is involved in the operation of emmacloth.com. Except as expressly admitted, Roadget denies the allegations of this paragraph.

<u>**JURISDICTION AND VENUE**</u>

13.    This matter is an action for copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

**ANSWER:**  Roadget admits that Plaintiff purports to allege claims for copyright infringement but denies that those claims have merit.

14.    The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

**ANSWER:** Roadget admits that this Court has subject matter jurisdiction over this action but denies that this action has merit.

15.    This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. §§ 301 and 302 and Fed. R. Civ. P. 4(k)(2) because Defendants do systematic business in New York and in this District by displaying, offering for sale, targeting, advertising, and selling products to consumers through the Shein U.S. Website, the Shein Mobile App, the Emmacloth U.S. Website, and various social media platforms. Defendants have also committed unlawful acts outside of New York that caused injury to Plaintiff within New York and this District; regularly do or solicit business in New York and this District; derive substantial revenue from goods used or services rendered in New York and this District; expect or reasonably should expect their infringing conduct to have consequences in New York and this District; and derive substantial revenue from interstate commerce.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. For the purposes of this action only, Roadget does not contest personal jurisdiction. Roadget denies the remaining allegations of this paragraph.

16.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants committed unlawful acts of infringement in this District, Defendants' unlawful conduct resulted in damage to Plaintiff in this District, and Defendants do business here and are subject to personal jurisdiction here.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. For purposes of this action only, Roadget does not contest venue. Roadget denies the remaining allegations of this paragraph.

## FACTUAL BACKGROUND

I.    **Ms. Fitzpatrick and her Original Design**

17.    Ms. Fitzpatrick is a popular independent artist who makes a living selling her cat-themed original designs in the form of enamel pins, keychains, stickers, and other original products under the brand name Made by Squeak. Ms. Fitzpatrick sells a variety of products featuring her original designs directly to consumers through her e-commerce website and online storefront, located at madebysqueak.net, and through various authorized third-party websites and retailers. Known for her unique cat-themed designs, Ms. Fitzpatrick has a devoted base of fans and consumers.

**ANSWER:** Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

18.    One of Ms. Fitzpatrick's most popular designs is *Cowboy Cat* (the "Original Design"), shown below.

**ANSWER:**  Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

19.    On July 17, 2020, Ms. Fitzpatrick obtained federal copyright registration No. VAu 1-404-221 for *Cowboy Cat*.

**ANSWER:**  Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

20.    Ms. Fitzpatrick sells the *Cowboy Cat* design on enamel pins, t-shirts, and leather bags.

**ANSWER:**  Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

**II.    Defendants' Willful Infringement and Unlawful Conduct**

<u>Defendants' Attempts to Evade Liability While Parlaying Their Widespread Copyright Infringement into a Lucrative IPO</u>

21.    Defendants own and operate numerous fast fashion e-commerce retailers that advertise and sell apparel, accessories, jewelry, and other products through their various brands, including Shein and Emmacloth.

**ANSWER:**  Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. Roadget admits that it is the owner of us.shein.com and emmacloth.com. Except as expressly admitted, Roadget denies the allegations of this paragraph.

22.    Defendants profit by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others.  In connection with the near-endless succession of intellectual property infringement, Defendants claim to discipline the unscrupulous manufacturers and suppliers with whom they closely work but in reality do nothing but continue to order from them.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. Roadget denies the allegations of this paragraph.

23.    Despite having been repeatedly sued for copyright infringement, Defendants continue to willfully infringe the works of independent artists, including many of the same artists who have sued Defendants and/or their corporate affiliates and predecessors for copyright infringement in the past, presumably because it is far more profitable to do so than to comply with the law, e.g., by creating or licensing original works.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. Roadget denies the allegations of this paragraph.

24.    Yet Defendants are now seeking to parlay their business success—which has been significantly based on infringement of the work of independent artists—into a lucrative U.S. IPO. Defendants have filed paperwork with the SEC indicating their intent to go public, and they reportedly are seeking a valuation of up to $90 billion.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. Roadget denies the allegations of this paragraph.

25.    Defendants operate via a variety of corporate entities, brands, websites, and mobile applications to shield themselves from liability for the rampant infringement driving their financial success.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. Roadget denies the allegations of this paragraph.

26.    For example, Reuters reported that Defendant Roadget replaced Hong Kong-based Zoetop Business Co., Ltd. ("Zoetop") in 2022 as the holding company for all of Defendants' brands and intellectual property in part because Zoetop had built a reputation as an intellectual property infringer.  Defendants currently appear to be operating under the Roadget umbrella.

**ANSWER:** Roadget denies that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide Defendants with fair notice of the allegations against each individual defendant. Roadget is without sufficient information or

knowledge to form a belief as to the truth of what Reuters reported and therefore denies the allegations. Roadget denies the remaining allegations of this paragraph.

<u>The Emmacloth U.S. Website and the Emmacloth Infringing Products</u>

27.    Defendants Roadget and Fashion Choice own the Emmacloth brand and operate the Emmacloth U.S. Website as a key pillar of their web of interconnected fast fashion e-commerce retailers and brands.

**ANSWER:**  Roadget admits that it is the owner of emmacloth.com. Roadget denies the remaining allegations of this paragraph.

28.    Defendants Roadget and Fashion Choice are direct sellers of Emmacloth-branded products on the Emmacloth U.S. Website.

**ANSWER:**  Roadget admits that Fashion Choice sells products on emmacloth.com. Roadget denies the remaining allegations of this paragraph.

29.    Defendants Roadget and Fashion Choice sell Emmacloth-branded products on the Emmacloth U.S. Website directly to consumers in New York and in this District.

**ANSWER:**  Roadget admits that Fashion Choice sells products on emmacloth.com, and that emmacloth.com is accessible to consumers in New York. Except as expressly admitted, Roadget denies the remaining allegations of this paragraph.

30.    Without authorization from Ms. Fitzpatrick, Defendants Roadget and Fashion Choice created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed and/or sold products featuring designs identical or substantially similar to the Original Design (the "Emmacloth Infringing Products"), shown below.

**ANSWER:**  Denied.

31.    Large numbers of new, distinct products are added to the Emmacloth U.S. Website daily. Due to this large daily influx of products, upon information and belief, there are and/or have been additional products being displayed and sold on the Emmacloth U.S. Website that infringe the Original Design and/or Plaintiff's other original copyrighted designs.

**ANSWER:**  Roadget admits that new products are regularly made available for sale on emmacloth.com. Roadget denies the remaining allegations of this paragraph.

32.    Below is a side-by-side comparison of the Original Design and the Emmacloth Infringing Products that have been discovered to date. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of the Emmacloth Infringing Products are substantially similar, if not identical, to the Original Design.

**ANSWER:**  Denied.

33.    Defendants Roadget and Fashion Choice have directly financially benefited from displaying and selling the Emmacloth Infringing Products on the Emmacloth U.S. Website.

**ANSWER:**  Denied.

34.    Defendants Roadget's and Fashion Choice's infringement of the Original Design has been willful. Defendants Roadget and Fashion Choice never attempted to contact Ms. Fitzpatrick to inquire about properly licensing the Original Design. Instead, Defendants Roadget and Fashion Choice simply raided Ms. Fitzpatrick's intellectual property to create the Emmacloth Infringing Products.

**ANSWER:** Denied.

35.    Defendants Roadget and Fashion Choice know they are selling cheap products from manufacturers, suppliers, and third-party sellers that regularly deal in infringing products but

continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

**ANSWER:** Denied.

36.    Ms. Fitzpatrick has been forced to file this action to protect her rights and livelihood and to protect the integrity of her artwork.

**ANSWER:**  Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

<u>The Shein U.S. Website, the Shein Mobile App, and the Shein Infringing Products</u>

37.    Defendants Roadget and SUS own the Shein brand and operate the Shein U.S. Website and Shein Mobile App as the central pillar of their web of interconnected fast fashion ecommerce retailers and brands.

**ANSWER:**  Roadget admits that it is the owner of us.shein.com and the SHEIN mobile app and that Shein US Services LLC operates us.shein.com. Roadget denies the remaining allegations of this paragraph.

38.    Defendants Roadget and SUS sell Shein-branded products on the Shein U.S. Website and Shein Mobile App directly to consumers in New York and in this District.

**ANSWER:**   Roadget admits that products bearing the SHEIN mark are available for purchase on us.shein.com and on the SHEIN mobile app, and that us.shein.com and the SHEIN mobile app are accessible in New York. Except as expressly admitted, Roadget denies the allegations of this paragraph.

39.    Defendants Roadget and SUS also sell Shein-branded products directly to consumers in New York and in this District via temporary and/or seasonal "pop-up shops." Most

recently, Defendants Roadget and SUS hosted a pop-up shop for the Shein brand in this District at Forever 21 Times Square, 1540 Broadway, B3 New York, NY 10036 from November 9-12, 2023.

**ANSWER:** Roadget admits that products bearing the SHEIN mark were available for purchase in New York at a pop-up event between November 9–12, 2023.

40.     Without authorization from Ms. Fitzpatrick, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed and/or sold products featuring designs identical or substantially similar to the Original Design (the "Shein Infringing Products").

**ANSWER:** Denied.

41.     Ten thousand new products are added to the Shein U.S. Website and Shein Mobile App daily. Due to this large daily influx of products, upon information and belief, there are and/or have been additional products being displayed and sold on the Shein U.S. Website and Shein Mobile App that infringe the Original Design and/or Plaintiff's other original copyrighted designs.

**ANSWER:** Roadget admits that new products are regularly made available for sale on us.shein.com, and on the SHEIN mobile app. Roadget denies the remaining allegations of this paragraph.

42.     Below is a side-by-side comparison of the Original Design and the twenty-five (25) Shein Infringing Products that have been discovered to date. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of the Shein Infringing Products are substantially similar, if not identical, to the Original Design.

**ANSWER:** Denied.

43.     Beginning in May 2023, Defendants Roadget and SUS launched the "Shein Marketplace," a new platform hosted on the Shein U.S. Website that supplements Defendants

Roadget's and SUS's direct-seller model by ostensibly allowing consumers to purchase products from a select number of vetted third-party vendors. In reality, the newly created Shein Marketplace is no different from the Shein U.S. Website's prior direct-seller model, and these third-party vendors in practice function more as traditional wholesale suppliers.

**ANSWER:** Roadget admits that consumers can purchase products from third-party sellers on us.shein.com and on the SHEIN mobile app. Roadget denies the remaining allegations of this paragraph.

44.    For example, at least two of the Shein Infringing Products, which are supposedly sold by third-party vendors on the Shein Marketplace, have the same SKU numbers, product names, and product photos as two of the Emmacloth Infringing Products, which are sold directly by Defendants Roadget and Fashion Choice on the Emmacloth U.S. Website. This suggests that there is more at work here than simply rogue third-party vendors.

**ANSWER:** Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

45.    Upon information and belief, the third-party vendors on the Shein Marketplace are primarily Chinese manufacturers and suppliers, many of which are the same entities that supplied Defendants Roadget and SUS with Shein-branded products for display and sale on the Shein U.S. Website prior to the launch of the Shein Marketplace in May 2023, and from which Defendants Roadget and Fashion Choice source the products sold on the Emmacloth U.S. Website.

**ANSWER:** Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

46.    Defendants Roadget and SUS exercise substantial control over the third-party vendors and products sold on the Shein Marketplace.

**ANSWER:** Denied.

47.    Defendants Roadget and SUS provide a wide array of financing, onboarding, logistics, and other services to their third-party vendors that go well beyond traditional marketplace services. Upon information and belief, Defendants directly finance and invest in factories, infrastructure, and training, among other things, for the benefit of the third-party vendors on the Shein Marketplace. In June 2023, Defendants launched AcceleraSHEIN, an integrated support platform for third-party vendors that "offers a holistic system of support to all marketplace sellers throughout their journey on SHEIN Marketplace, including training and upskilling, seller benefits and incentives to help them achieve their business goals."

**ANSWER:**    Roadget admits that the "AcceleraSHEIN" program was launched in approximately June 2023 to support marketplace sellers. Roadget denies the remaining allegations of this paragraph.

48.    Defendants Roadget and SUS curate, select, and control which entities will be third-party vendors on the Shein Marketplace.

**ANSWER:**    Roadget admits that third-party sellers apply to have access to and sell products on us.shein.com and the SHEIN mobile app. Roadget denies the remaining allegations of this paragraph.

49.    Upon information and belief, Defendants Roadget and SUS curate, select, and control the products "designed" and sold by third-party vendors on the Shein Marketplace for the benefit of their customers, in much the same way they curate, select, and control the products that they themselves sell directly.

**ANSWER:** Roadget admits that third-party sellers apply to have access to and sell products on us.shein.com and the SHEIN mobile app. Roadget denies the remaining allegations of this paragraph.

50. Defendants Roadget and SUS utilize a sophisticated web scraping technology and artificial intelligence-based software that scours the Internet and surveys their users' browsing habits, including on websites other than the Shein U.S. Website and the Emmacloth U.S. website, to determine which products to source and sell on the Shein Marketplace.

**ANSWER:** Roadget admits that it utilizes technology and artificial intelligence in conducting its business. Roadget denies the remaining allegations of this paragraph.

51. Upon information and belief, Defendants Roadget and SUS are involved in the creation and publication of the Shein Marketplace page on the Shein U.S. Website and the Shein Mobile App for each third-party vendor, including the selection and uploading of the images, designs, and other vendor information.

**ANSWER:** Denied.

52. Upon information and belief, Defendants Roadget and SUS are involved in the curation, selection, and publication of the third-party vendors' product pages and product photos on the Shein U.S. Website and the Shein Mobile App.

**ANSWER:** Denied.

53. Upon information and belief, after Defendants Roadget and SUS select an entity to be a third-party vendor, Defendants direct the third-party vendor to Defendants' own photography studio vendors to photograph the products for future publication on the Shein U.S. Website and the Shein Mobile App.

**ANSWER:** Denied.

54.    Upon information and belief, Defendants Roadget and SUS have an excessive degree of control in setting the prices of the products sold on the Shein Marketplace.

**ANSWER:**  Denied.

55.    Defendants Roadget and SUS exercise a substantial degree of control over the marketing and advertising of all products sold on the Shein Marketplace.

**ANSWER:**  Denied.

56.    Defendants Roadget and SUS exercise a significant degree of control and influence over the storage, warehousing, and distribution of the products sold on the Shein Marketplace (including through Defendants' centralized distribution centers in Guangdong Province, China).

**ANSWER:**  Denied.

57.    Defendants Roadget and SUS process the payments for all transactions completed on the Shein U.S. Website and the Shein Mobile App, including the Shein Marketplace.

**ANSWER:**  Roadget admits that SUS processes payments for transactions completed on us.shien.com and the SHEIN mobile app. Except as expressly permitted, Roadget denies the allegations of this paragraph.

58.    Defendants Roadget and SUS exercise a substantial degree of control over customer service, returns, and refunds for all orders placed on the Shein U.S. Website and Shein Mobile App, including the Shein Marketplace.

**ANSWER:**  Denied.

59.    Upon information and belief, Defendants Roadget and SUS maintain data security services to protect consumers' personal and payment information for all orders placed on the Shein U.S. Website and Shein Mobile App, including the Shein Marketplace.

**ANSWER:** Roadget admits that data security measures are in place to protect personal and payment information. Except as expressly permitted, Roadget denies the allegations of this paragraph.

60. Defendants Roadget and SUS are not simply "passive hosts" of the infringing products being sold on the Shein Marketplace but are instead integrally involved in every step of the creation, sourcing, display, and sale of the Shein Infringing Products, making them direct participants in the infringement.

**ANSWER:** Denied.

61. Any claim by Defendants Roadget and SUS that they are not responsible for infringing products sold on the Shein Marketplace is meritless and is merely the next iteration of Defendants' repeated attempts to shift blame for their role in the infringement scheme.

**ANSWER:** Denied.

62. Defendants Roadget and SUS have directly financially benefited from displaying and selling the Shein Infringing Products on the Shein U.S. Website and Shein Mobile App. Defendants Roadget and SUS have directly financially benefited from the availability of and sales of the Shein Infringing Products on the Shein Marketplace.

**ANSWER:** Denied.

63. Defendants Roadget's and SUS's infringement of the Original Design has been willful. Defendants never attempted to contact Plaintiff to inquire about properly licensing the Original Design. Instead, Defendants Roadget and SUS simply raided Plaintiff's intellectual property to create the Shein Infringing Products.

**ANSWER:** Denied.

64.     Defendants Roadget and SUS know they are selling cheap products from manufacturers, suppliers, and third-party vendors that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

**ANSWER:** Denied.

65.     Plaintiff has been forced to file this action to protect her rights and livelihood and to protect the integrity of her artwork.

**ANSWER:** Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.
### (Against All Defendants)

66.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 65 above and incorporates them herein by reference.

**ANSWER:**   To the extent this paragraph requires an answer, Roadget repeats and incorporates by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein.

67.     Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and has secured the exclusive rights and privileges in and to the copyright in the Original Design.

**ANSWER:** Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

68.     Defendants had access to Plaintiff's Original Design, including, without limitation, through (a) viewing the Original Design on Plaintiff's website or social media; (b) viewing the Original Design on an authorized third-party retailer's website or social media; and/or (c)

purchasing products featuring the Original Design from Plaintiff or an authorized third-party retailer.

**ANSWER:** Roadget is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

69.     Defendants copied, reproduced, distributed, adapted, publicly displayed, and/or sold elements of the Original Design without the consent, permission, or authority of Plaintiff.

**ANSWER:** Denied.

70.     Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

**ANSWER:** Denied.

71.     Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

**ANSWER:** Denied.

72.     Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

**ANSWER:** To the extent Roadget is required to respond to the legal conclusion in this paragraph, Roadget denies that Plaintiff is entitled to any relief whatsoever.

73.     Alternatively, Plaintiff is entitled to an award of statutory damages for the Original Design, pursuant to 17 U.S.C. § 504.

**ANSWER:** To the extent Roadget is required to respond to the legal conclusion in this paragraph, Roadget denies that Plaintiff is entitled to any relief whatsoever.

74.     Plaintiff is entitled to reasonable attorney's fees and costs, pursuant to 17 U.S.C. § 505.

**ANSWER:** To the extent Roadget is required to respond to the legal conclusion in this paragraph, Roadget denies that Plaintiff is entitled to any relief whatsoever.

75.    Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the Emmacloth Infringing Product and Shein Infringing Products or any other products that bear substantially similar copies of Plaintiff's copyrighted Original Design.

**ANSWER:** To the extent Roadget is required to respond to the legal conclusion in this paragraph, Roadget denies that Plaintiff is entitled to any relief whatsoever.

76.    Plaintiff has no adequate remedy at law.

**ANSWER:** Denied.

**SECOND CLAIM FOR RELIEF**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.**
**(Against Defendants Roadget and SUS)**

77.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 76 above and incorporates them herein by reference.

**ANSWER:** To the extent this paragraph requires an answer, Roadget repeats and incorporates by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein.

78.    Defendants Roadget and SUS knew of the infringement of Plaintiff's copyrighted Original Design on the Shein U.S. Website, the Shein Mobile App (including on the Shein Marketplace).

**ANSWER:** Denied.

79.     Defendants Roadget and SUS unlawfully allowed, enabled, or otherwise facilitated the creation and distribution of the Shein Infringing Products.

**ANSWER:**  Denied.

80.     Defendants Roadget and SUS knowingly induced, caused, and/or materially contributed to the direct infringement of Plaintiff's copyrighted Original Design.

**ANSWER:**  Denied.

81.     Plaintiff has been damaged by, and Defendants Roadget and SUS have profited and materially benefited from the infringement of Plaintiff's copyrighted Original Design.

**ANSWER:**  Denied.

82.     Plaintiff is entitled to the remedies set forth above for the copyright infringement of Plaintiff's copyrighted Original Design.

**ANSWER:**  To the extent Roadget is required to respond to the legal conclusion in this paragraph, Roadget denies that Plaintiff is entitled to any relief whatsoever.

**THIRD CLAIM FOR RELIEF**
**VICARIOUS COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.**
**(Against Defendants Roadget and SUS)**

83.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 82 above and incorporates them herein by reference.

**ANSWER:**  To the extent this paragraph requires an answer, Roadget repeats and incorporates by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein.

84.     Defendants Roadget and SUS receive a direct financial benefit from the infringing activities occurring on the Shein Marketplace, including sales of the Shein Infringing Products.

**ANSWER:**  Denied.

85.    Defendants Roadget and SUS receive a direct financial benefit through the availability of the Shein Infringing Products and material on the Shein Marketplace, which acts as a draw for customers and results in sales and further profits and revenues to Defendants Roadget and SUS.

**ANSWER:**  Denied.

86.    Defendants Roadget and SUS have the right and ability to control and supervise the infringing activity of third-party vendors on the Shein Marketplace through the exercise of substantial control over the third-party vendors, the products displayed and sold, and the marketing and advertising of all products displayed and sold on the Shein Marketplace.

**ANSWER:**  Denied.

87.    Defendants Roadget and SUS have failed to exercise their right and ability to supervise or control the infringing activity occurring on the Shein Marketplace.

**ANSWER:**  Denied.

88.    Defendants Roadget and SUS have the ability to stop or limit the infringing activity occurring on the Shein Marketplace, as well as the practical ability to do so.

**ANSWER:**  Denied.

89.    Defendants Roadget and SUS have failed to stop or limit the infringing activity occurring on the Shein Marketplace.

**ANSWER:**  Denied.

90.    Plaintiff has been damaged by, and Defendants Roadget and SUS have profited and materially benefited from, the direct infringement of Plaintiff's copyrighted Original Design.

**ANSWER:**  Denied.

91.     Plaintiff is entitled to the remedies set forth above for the copyright infringement of Plaintiff's copyrighted Original Design.

**ANSWER:** To the extent Roadget is required to respond to the legal conclusion in this paragraph, Roadget denies that Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

To the extent Defendant is required to respond to the prayer for relief, Defendant denies that Plaintiff is entitled to the relief sought in paragraphs 1 through 8 of the prayer for relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Roadget asserts the following affirmative and other defenses in response to the allegations in the Complaint. Roadget expressly reserves the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation of this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against Roadget.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Roadget's copying, if any, of any element of the works in which Plaintiff alleges a copyright interest did not involve the use of any element of the works protected by copyright.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Roadget's copying, if any, of any element of the works in which Plaintiff alleges a copyright interest, did not involve the use of elements of the works sufficiently original to warrant copyright protection.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

24

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's remedies are barred in whole or in party because Roadget has not willfully infringed any intellectual property or other rights owned by Plaintiff and because Roadget has acted in good faith and without any intention of injuring Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's copyrights in some or all of the works at issue are invalid.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join indispensable parties to the action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/acquiescence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the *scenes a faire* and merger doctrines.

## ROADGET'S PRAYER FOR RELIEF

**WHEREFORE**, Roadget prays for judgment as follows:

1. That the Court find against Plaintiff and for Roadget on all counts in Plaintiff's Complaint;

2. That the Court find against Plaintiff and for Roadget on Roadget's Affirmative Defenses;

3. That the Court deny Plaintiff any and all of her requested relief, including by denying any injunctive relief and any award of any monetary sums whatsoever;

4. That Roadget be awarded its attorneys' fees and costs as allowed by law; and

5.    That Roadget be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Roadget hereby demands a jury trial on all issues so triable, per Fed. R. Civ. P. 38 and the Seventh Amendment to the U.S. Constitution.

Dated: February 5, 2024                    MERCHANT & GOULD P.C.

By: */s/Peter A. Gergely*
Peter A. Gergely (NY Bar #5671458)
Merchant & Gould P.C.
500 Fifth Avenue, Suite 4100
New York, NY 10110
212.223.6520

*Attorneys for Defendant*
*Roadget Business Pte. Ltd.*