

**KUSHNIRSKY GERBER PLLC**
27 UNION SQUARE WEST, SUITE 301
NEW YORK, NY 10003
kgfirm.com

O:  (212) 882-1320
F:  (917) 398-1487

January 2, 2025

**Via ECF**

The Honorable Jesse Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Fitzpatrick v. Roadget Business Pte. Ltd. et al.*, Case No. 1:23-cv-10592 – Letter-Motion Seeking Leave to File Letter-Motion Requesting Extension of Discovery Deadline and Adjournment of Settlement Conference in Redacted Form

Dear Judge Furman,

      We represent Plaintiff Jennifer Fitzpatrick ("Plaintiff") in the above-titled action against Defendants Roadget Business Pte. Ltd.; Shein Distribution Corporation; Shein US Services, LLC; and Fashion Choice Pte. Ltd. (collectively, the "Defendants"). In accordance with Section 7 of Your Honor's Individual Practices in Civil Cases, Plaintiff seeks leave to file Plaintiff's Letter-Motion Requesting Extension of Discovery Deadline and Adjournment of Settlement Conference ("Letter-Motion") in redacted form.

      Plaintiff's Letter-Motion discusses the deposition testimony of Defendants' 30(b)(6) designee, Mr. Tim Wei, the transcript of which has been designated by Defendants as "Attorneys' Eyes Only" pursuant to the Parties' Protective Order. *See* ECF No. 42.

      Although Plaintiff disputes that the entire deposition transcript "contains particularly sensitive business or personal information, the disclosure of which may cause harm to an individual, or to the business or competitive position of the designating Party," *see* ECF No. 42 ¶ 3, out of an abundance of caution and until the parties have had sufficient opportunity to confer about de-designating the transcripts at issue, Plaintiff seeks leave to file the Letter-Motion in redacted form so that the Court can consider Plaintiff's time-sensitive request.

      Plaintiff has narrowly tailored the redactions in her Letter-Motion to safeguard only the testimony that has been designated "Attorneys' Eyes Only" by Defendants. Accordingly, the public's right to access is largely preserved, and is only limited to the extent necessary to safeguard Defendants' privacy rights. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

For these reasons, the Court should grant Plaintiff's request to file the Letter-Motion in redacted form.

Respectfully submitted,

Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320

*Attorneys for Plaintiff Jennifer Fitzpatrick*

Application GRANTED temporarily. To the extent that Defendants believe that any of the redactions should be approved permanently, they shall file a letter motion to that effect no later than January 7, 2025. In the absence of a letter motion by that date, the Court will unseal the letter in its unredacted form without further notice to the parties. The Clerk of Court is directed to terminate ECF No. 73.

SO ORDERED.

January 3, 2025