


A Technology & Innovation Law Firm

**Scott P. Shaw**
949-330-0202
sshaw@merchantgould.com

January 7, 2025

*VIA ECF*

The Honorable Jesse M. Furman
United States District Court Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:    ***Fitzpatrick v. Roadget Business Pte. Ltd. et al.*, No. 1:23-cv-10592 (Letter Motion Responding to Order Temporarily Granting Plaintiff's Letter Motion to Seal)**

Dear Judge Furman:

Pursuant to the Court's Order (Dkt. 78) temporarily granting Plaintiff's Letter-Motion Seeking Leave to File Letter-Motion Requesting Extension of Discovery Deadline and Adjournment of Settlement Conference in Redacted Form (Dkt. 73) ("Motion to Seal"), Defendants submit this letter motion requesting the Court permanently apply Plaintiff's proposed redactions as set forth in Plaintiff's Letter-Motion Requesting Extension of Discovery Deadline and Adjournment of Settlement Conference (Dkt. 74) ("Motion to Extend").

With respect to Plaintiff's Motion to Seal, Defendants consent solely to permanent application of Plaintiff's proposed redactions and oppose all other elements of Plaintiff's Motion to Seal, including Plaintiff's characterizations regarding whether Defendants' 30(b)(6) testimony (the "30(b)(6) Deposition") is properly designated "Attorneys' Eyes Only" ("AEO"). Defendants will confer with Plaintiff on this issue.

In accordance with the foregoing, Plaintiff's proposed redactions, as set forth in the Motion to Extend, should be permanently applied for at least the following reasons. First, Defendants have properly designated the 30(b)(6) Deposition as AEO under the Parties' Stipulated Protective Order ¶ 3 (Dkt. 42) ("PO"). In addition, the PO provides that all deposition transcripts are "treated as Attorneys' Eyes Only during [the] thirty (30) days" following each Parties' "receipt of the deposition transcript." (Dkt. 42 at ¶ 9.) Defendants' earliest 30(b)(6) deposition occurred on December 16, 2024, and Defendants did not

January 7, 2025
Page 2

receive the relevant transcripts until after that date. Accordingly, 30 days have not passed since Defendants received transcripts of the 30(b)(6) Deposition and it is properly treated as AEO under the PO. (Dkt. 42 at ¶ 9.) An AEO designation favors granting a permanent seal. *See, e.g., Nespresso United States v. Williams-Sonoma, Inc.*, No. 19-cv-4223 (LAP) (KHP), 2021 WL 1812199, at *2–3 (S.D.N.Y. May 6, 2021) (agreeing documents can be filed under seal where the documents were properly designated as "Attorneys' Eyes Only.")

Second, and more importantly, permanent application of the proposed redactions to Plaintiff's Motion to Extend are necessary to avoid prejudicing Defendants. In particular, the Motion to Extend misconstrues and twists the 30(b)(6) Deposition to falsely assert Defendants admitted to discovery misconduct. If public, these false accusations stand to harm Defendants' business prospects with current and potential business partners. Further, Defendants are parties to numerous ongoing lawsuits, in this district and elsewhere, and Plaintiff's mischaracterizations, though false, still cast an unwarranted shadow of impropriety on Defendants. As a result, absent a permanent seal, Defendants' competitive position in its other lawsuits will be harmed. Indeed, if public, Plaintiff's mischaracterizations can be manipulated and used against Defendants by opponents in Defendants' other lawsuits. Such prejudice to Defendants warrants permanent application of Plaintiff's proposed redactions. *See, e.g., In re B&C KB Holding GmbH*, No. 22-mc-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (finding "good cause exists to seal" documents containing "unadjudicated allegations of wrongdoing").

Last, Defendants agree with Plaintiff that Plaintiff's proposed redactions, as set forth in the Motion to Extend, are narrowly tailored such that only testimony Defendants have designated AEO pursuant to the PO is redacted. (*See* Motion to Seal at 1.)

Accordingly, pursuant to the Court's Order Granting Letter Motion to Seal (Dkt. 78), Defendants request that Plaintiff's proposed redactions to the Motion to Extend be permanently applied.

Respectfully submitted,

*/s/ Scott P. Shaw*

Scott P. Shaw
*Attorney for Defendants*

---

The Court is unpersuaded by Defendants' second proffered reason. If anything, Defendants' disagreement with Plaintiff's characterizations warrants more disclosure, rather than less, as others could then assess for themselves who is correctly characterizing the materials at issue. That said, the Court will give Defendants time to review the transcripts and renew their request. They shall do so by January 31, 2025. Absent a new motion by that date, the materials will be unsealed without further notice.. The Clerk of Court is directed to terminate ECF No. 81. SO ORDERED.

January 8, 2025